O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CLIFFORD MARCUS WINKLES, | ) | Case No. [CV 04-03527 DDP] |
| | ) | CR 00-00359 DDP ✓ |
| Plaintiff, | ) | |
| | ) | **ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION PURSUANT TO 28 U.S.C. § 2255** |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | [Motion filed on May 6, 2008] |
| | ) | |

This matter is before the Court on Petitioner's motion for reconsideration of this Court's order denying his motion to vacate, set aside, or correct his sentence pursuant to Fed R. Civ. P. 60(b)(1) and (6) which was entered on November 21, 2005. After reviewing and considering the materials submitted, the Court denies the motion.

**I.   BACKGROUND**

On May 19, 2004, Petitioner Clifford M. Winkles filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. The motion set forth grounds for relief based on ineffective assistance of counsel prior to trial, during trial, and during his appeal. This Court denied the motion on November 18, 2005.

On December 23, 2007, Petitioner constructively filed[1] a motion for reconsideration of this Court's November 18, 2005 order dismissing his habeas petition and ex parte application for appointment of counsel. This Court denied the motion on March 18, 2008 because Petitioner failed to cite any newly discovered evidence.

On May 6, 2008, Petitioner filed an additional motion for reconsideration of this Court's November 18, 2005 order dismissing his habeas motion.

## II.   LEGAL STANDARD

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J Multnomah County, Or. V. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

## III. DISCUSSION

Petitioner has not cited any newly discovered evidence, has not stated that there was any clear error or manifest injustice in the denial of his habeas petition, and has not shown an intervening change in controlling law to support his motion. See Multnomah County, 5 F.3d at 1263.

Petitioner argues that due to the Bureau of Prison misplacing or not giving trial transcripts to Petitioner in a timely manner, Petitioner was unable to prepare and present a complete and

---

[1] When a prisoner gives prison authorities a habeas petition or other pleading to mail to the court, the Court deems the petition constructively "filed" on the date it was signed. See Huizar v. Carey, 273 F.3d 1220,1223 (9th Cir. 2001).

2

accurate petition, pursuant to § 2255. However, Petitioner does not cite what new evidence, if any, he has discovered from the transcripts that support the merits of his claims. Therefore, Petitioner has not presented any reason for the Court to reconsider its prior ruling.

If Petitioner wishes to appeal this Court's order, he may move for a certificate of appealability pursuant to 28 U.S.C. § 2253.

**IV.  CONCLUSION**

Based on the foregoing analysis, the Court denies this motion for reconsideration.

IT IS SO ORDERED.

Dated: March 3, 2009

_____
DEAN D. PREGERSON
United States District Judge